UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BETHYL (BETTY) BEYER, | ) | CIV. 08-5058 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | GRANTING IN PART AND |
| MEDICO INSURANCE GROUP, | ) | DENYING IN PART |
| MEDICO INSURANCE CO., MEDICO | ) | PLAINTIFF'S MOTION TO COMPEL |
| LIFE INSURANCE CO., and ABILITY | ) | |
| RESOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff Bethyl "Betty" Beyer has filed a motion to compel defendants' response to various discovery requests. Docket 16. The district court, the Honorable Karen E. Schreier, Chief Judge, referred this motion to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). Docket 25.

## FACTS

The facts, insofar as they are pertinent to the pending motion, are as follows. Ms. Beyer purchased a long term care policy of insurance from Mutual Protective Insurance Company, which later became Medico Insurance

Company (hereinafter "Medico").[1] In June, 2007, Ms. Beyer experienced medical problems that led her to file a claim with Medico for benefits under her policy. Specifically, Ms. Beyer sought benefits for her placement at an assisted living facility. Ms. Beyer's doctor filed a certification supporting Ms. Beyer's claim for benefits, stating that Ms. Beyer suffered from Parkinson's disease and that she needed assisted living care or, in the alternative, nursing home care. The doctor's certification included a statement that Ms. Beyer's condition would not improve after a period of treatment or rehabilitation such that she could return to independent living.

Medico then hired Nation's CareLink to provide an independent assessment of Ms. Beyer's need for assisted living care. A registered nurse conducted the evaluation and concurred with the assessment submitted by Ms. Beyer's doctor that Ms. Beyer needed assisted living care.

Medico denied Ms. Beyer's claim twice. Then, after receiving a video recording of Ms. Beyer's activities of daily living, Medico reversed course and paid Ms. Beyer's claim retroactively to June of 2007. Medico never explained why it had denied Ms. Beyer's claim in the first instance nor why it changed its decision and paid the claim. However, Medico had denied an earlier claim of

---

[1]There are four named defendants in this case. The discovery requests at issue in Ms. Beyers' motion were served on all four defendants. However, the court will simply refer to the defendants collectively as "Medico" in this opinion. All references to "Medico" should be understood by the parties to refer to all four named defendants.

Ms. Beyer's filed in August 2006 for home health benefits. As to this earlier claim, Medico relied on its assertion that Ms. Beyer did not meet the "benefit qualifiers" for her policy that were prerequisites to the receipt of home health benefits.

Ms. Beyer thereafter initiated this civil action against Medico, alleging bad faith denial of her claim. Medico denies that it acted in bad faith and asserts the affirmative defenses of failure to state a claim upon which relief may be granted and payment.

Ms. Beyer served Medico with 39 discovery requests. Although some discovery was provided by Medico pursuant to these requests, there are some areas of disagreement between the parties over other areas. Accordingly, Ms. Beyer filed the pending motion to compel.

## DISCUSSION

### A. Good Faith Certification

Pursuant to Local Rule 37.1 and Fed. R. Civ. P. 37, Ms. Beyer certifies that she contacted Medico prior to filing the instant motion to compel and attempted in good faith to resolve the parties' discovery disputes. Medico does not dispute this.

### B. Confidentiality Order

Medico has indicated to Ms. Beyer that it will provide documents in response to Ms. Beyer's requests for the production of documents nos. 2, 3, 15,

3

16, 19, and 35 subject to a confidentiality order. Ms. Beyer submitted a proposed confidentiality order along with her motion to compel. Medico has not objected to the terms of that order. Accordingly, the court will grant the confidentiality order by separate order and hereby additionally orders Medico to provide the responsive documents to requests 2, 3, 15, 16, 19, and 35 pursuant to that order.

**C.  Request Number One–Claims Files**

Ms. Beyer's request for production number one seeks claims files and other documents relating in any way to the claims or benefits paid to Betty Beyer, including electronic data not included in the hard copy files, including e-mails, or other computerized data.

Specifically, Ms. Beyer points out that, in a letter written by Medico to the South Dakota Division of Insurance in October, 2007, Medico makes mention of an internal auditor's recommendation that Ms. Beyer's claim be reconsidered. Although Ms. Beyer has claims documents from Medico, there is no documentation of this internal auditor's recommendation. Therefore, Ms. Beyer believes that there may be electronic data evidencing this recommendation.

Similarly, Medico initially denied Ms. Beyer's claim for assisted living benefits, and then reversed course and paid the claim. Nothing in the claims files already produced to Ms. Beyer documents the fact that this decision was

4

made or why.  Therefore, Ms. Beyer believes that there may be electronic data evidencing this decision and the reason for it.

In its response to Ms. Beyer's motion to compel, Medico only asserts that it has produced all claim file documents.  It states that "[a]ny internal audit would be conducted on an informal basis" and "would most likely be verbal."  However, Medico does not confirm that it has checked for electronic data and that such data does not exist.

In order to prove a claim of bad faith denial of an insurance claim, Ms. Beyer must prove that Medico denied her claim knowing that there was no reasonable basis for the denial, or that Medico acted with reckless disregard as to whether a reasonable basis existed for denial of the claim.  McDowell v. Citicorp U.S.A., 734 N.W.2d 14, 19, 2007 S.D. 53, ¶ 15.  Even where an insurance company eventually pays a claim for benefits, the insurer can be liable under a bad faith claim for unreasonably delaying payment of a claim without a reasonable basis for the delay if the insured suffered compensable loss as a result.  Id. at 19, 2007 S.D. 53, ¶ 16.

The information Ms. Beyer requests in discovery as to whether an internal audit was conducted, what the recommendation of the auditor was, and why Medico changed its decision and paid Ms. Beyer's claim are all relevant to Ms. Beyer's assertion of bad faith.  The documents requested may show that Medico denied Ms. Beyer's claim initially with the knowledge that it

5

had no reasonable basis for denying the claim, or with reckless disregard to wether it had a reasonable basis for its actions. Accordingly, the court grants Ms. Beyer's request for an order compelling Medico to respond fully to request number one. Medico shall file a response either providing any electronic data relating to Ms. Beyers' claims file or affirmatively stating under oath that no such electronic data responsive to this request exists.

**D.    Request Number 6–Quality Assurance Audits**

Ms. Beyer's request number six asks for "[a]ny and all quality assurance audits since January 1, 2004, relating to any of the personnel involved in handling or taking action on Plaintiff's claim." Medico's response to the request was to assert an objection based on relevance. Medico also stated that "no such documents are believed to exist."

Again, Ms. Beyer relies on the October, 2007, letter written by Medico to the South Dakota Division of Insurance in which Medico makes mention of an internal auditor's recommendation that Ms. Beyer's claim be reconsidered. Although Ms. Beyer has claims documents from Medico, there is no documentation of this internal auditor's recommendation. Therefore, Ms. Beyer believes that there may be electronic data evidencing this recommendation.

In its responsive brief to Ms. Beyer's motion to compel, Medico simply states that "no such documents exist." Again, as with request number one,

6

Medico does not address whether there might be e-mail or other electronic data evidencing the recommendation made in this internal audit. Accordingly, the court grants Ms. Beyer's motion to compel Medico to respond to request number six, and specifically to state whether there is electronic data evidencing the requested internal audits.

**E.     Request Number Seven–Bonus Programs**

Ms. Beyer's request number seven sought "[a]ny and all copies of documents that reference bonus programs for which claims personnel are eligible, from January 1, 2000, to present." Medico's response to the request was to assert an objection based on relevance. Medico also stated that "no such documents are believed to exist." In its brief in response to Ms. Beyer's motion to compel, Medico affirmatively asserts that the requested documents "do not exist" and, further, that "[t]here is no bonus program."

Despite Medico's assertion, signed by Medico's counsel under pain of sanction pursuant to Fed. R. Civ. P. 11, Ms. Beyer still seeks an order from the court requiring Medico to produce documents responsive to request number seven. In support of her position, Ms. Beyer's counsel points out that in numerous bad faith cases he has brought, insurance companies have denied the existence of bonus programs, only to have the truth come out later that such programs indeed existed. Therefore, Ms. Beyer requests the court to

7

issue an order requiring Medico to comply with request number seven so that Medico's obligation to produce documentation of bonus programs is clear.

Medico cannot be ordered to produce documents that do not exist. However, in order that both parties may be clear about the obligations in regard to this discovery, Medico is hereby ordered to produce any and all documentation about any bonus programs responsive to Ms. Beyer's request number seven, now, or at any future time should evidence of such bonus programs become known to Medico or its counsel.

**F.     Documents Relating to Defendants' Similar Conduct**

    **1.     Request Number 21–Other Policyholder Claims**

Ms. Beyer seeks documentation of Medico's denial of benefits or termination of benefits similar to her claim. "Similar to her claim" is restricted to long term care policies with the same benefit qualifiers contained in Ms. Beyer's policy. Ms. Beyer seeks information about claims denied or terminated where the insured's treating physician signed a statement that nursing home services, assisted living facilities, personal residence, or adult day care centers were necessary. Ms. Beyer also seeks information about claims denied or terminated where Nation's CareLink or some other assessment service provided Medico an assessment. Ms. Beyer's request number 21 is not limited in time or geographic scope.

Although Medico initially objected to this request, when it responded to Ms. Beyer's motion to compel, it agreed to conduct a search of claim files to determine whether any documents exist that are responsive to Ms. Beyer's request. Medico requests that the court limit Ms. Beyer's request to the five-year period prior to Ms. Beyer making her claim. This would limit Medico's response to the period from June 2002 through June 2007.

The court finds that Ms. Beyer's request is both relevant and reasonable. However, Medico's request to limit Ms. Beyer's request to the 2002-2007 period of time is also reasonable. Accordingly, the court will order Medico to produce documents responsive to Ms. Beyer's request number 21, but order that such response be limited to the period from June 2002 to June 2007.

**2. Request Number 22–Defendants' Method of Conducting Electronic Searches**

Ms. Beyer's request number 22 states, "[i]n the event that you say that your information technology system does not allow you to identify information set forth in Request No. 26 above [sic], please provide all documents that describe the methods of electronic search of claims file data or log notes available to your employees, including the type of software in use." Although this request makes reference to "Request No. 26," it is clear from the context and from Ms. Beyer's brief in support of her motion that the request should refer back to number 21.

Request number 22 is contingent on Medico's assertion of inability to respond to request number 21 (i.e. "*in the event that you say . . .*"). Since Medico has agreed to search for the documents responsive to request number 21, and the court has ordered Medico to do this, Medico is not claiming inability to search electronically as a basis for refusing to answer number 21.[2] Accordingly, the court denies Ms. Beyer's request for an order compelling Medico to respond to request number 22.

### 3. Request No. 24–Deposition and Trial Transcripts

In request number 24, Ms. Beyer seeks "[a]ny and all deposition transcripts or trial testimony transcripts of any of Defendants' officers or personnel, since January 1, 2000, in any suit relating to handling of claims under a policy of long term care insurance," including class action litigation.

In its initial response to this request, Medico objected on the basis that the transcripts are proprietary and cannot be copied and that such documents are not relevant. Medico also stated that, subject to such objections, there were no such transcripts. In its brief to this court, Medico clarifies that it does not have any transcripts responsive to request number 24 in its possession, but that it will contact its counsel to see if it has any such transcripts.

---

[2] In the event request number 22 does not contain a typographical error, the court notes that the same is true as to Medico's response to Ms. Beyer's request number 26–Medico is agreeing to provide the documents requested in number 26 and does not assert the inability to search electronically as an excuse for refusing to produce.

Rule 34 of the Federal Rules of Civil Procedure governs requests for the production of documents and provides that a party may ask another party to permit copying of documents "in the responding party's possession, custody, or control." See Fed. R. Civ. P. 34(a)(1). The concept of documents in a party's "possession" or "custody" is clear enough, but the concept of documents in a party's "control" is not obvious upon a reading of the rule.

The rule that has developed is that if a party "has the legal right to obtain the document," then the document is within that party's "control" and, thus, subject to production under Rule 34. See 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, §2210, at 397 (2d ed. 1994). "Because a client has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control." American Soc. for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus, 233 F.R.D. 209, 212 (D.D.C. 2006) (citing Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 501 (D. Md. 2000); and Poppino v. Jones Store Co., 1 F.R.D. 215, 219 (W.D. Mo. 1940)).

Merely because documents gathered by an attorney are subject to the client's control does not, however, automatically mean they are discoverable. The work product doctrine and the attorney-client privilege still apply and may be asserted in opposition to discovery, along with the appropriate privilege log.

Ringling Bros., 233 F.R.D. at 211-213. Here, however, Medico asserts no such privilege as to the deposition and trial transcripts requested by Ms. Beyer. Furthermore, the court would not anticipate that an objection based on privilege would lie because of the public nature of the documents requested–by their very nature, the transcripts are recordings of testimony given in public in an adversarial setting. Accordingly, the court grants Ms. Beyer's request for an order compelling Medico to respond to request number 24.

> **4. Request Number 25–Documents Relating to Prior Litigation**

In request number 25, Ms. Beyer seeks "[a]ny documents relating to litigation against Defendants involving handling of claims under policies of long term care insurance, from January 1, 2000, to present." In its brief to this court, Medico represents that it will produce these documents subject to a privilege log consistent with Fed. R. Civ. P. 26(b)(5).

Given the above law, the documents requested by Ms. Beyer are clearly within Medico's "control," but are still subject to being withheld under a claim of privilege. Medico proposes to produce documents in accordance with this law. Therefore, Ms. Beyer's request for an order to compel is moot. Should Ms. Beyer take issue with the privilege log provided by Medico, Ms. Beyer may make an additional motion to compel on that issue.

### 5.     Request Number 26–Regulatory Complaints

In request number 26, Ms. Beyer seeks "[a]ny and all documents relating to complaints made to state insurance regulators involving Defendants' handling of long term care insurance coverage since January 1, 2000." In its brief to this court, Medico represents that it will produce these documents. Accordingly, Ms. Beyer's motion for an order compelling Medico to respond is moot. Should Medico not carry through on its representation that it will produce the documents requested in request number 26, Ms. Beyer may make an additional motion to compel.

### 6.     Request Number 27–Denial Letters and Related Documents

In request number 27, Ms. Beyer seeks "[a]ny documents related to other residents of South Dakota who have been sent letters denying coverage or terminating coverage, for long term care insurance since January 1, 2002. This shall include policyholders whose claims were denied but later accepted, or whose claims were accepted but later terminated, or whose claims were denied and that action never changed."

In its brief to this court, Medico represents that it will produce these documents. Accordingly, Ms. Beyer's motion for an order compelling Medico to respond is moot. Should Medico not carry through on its representation that it will produce the documents requested in request number 27, Ms. Beyer may make an additional motion to compel.

**7.     Request Numbers 36-39–Relationship Between Defendants**

In request number 36, Ms. Beyer seeks "[a]ny and all agreements between the Defendants." In request number 37, she seeks "[a]ny annual reports issued by either Defendant since January 1, 2002." In request number 38, Ms. Beyer requests "[a]ny documents relating to the purchase of any part of the business of Medico Insurance Group or Medico Life Insurance Company, by Ability Resources, Inc." In request number 39, she seeks "[a]ny and all documents showing the nature of the legal relationship between the defendants."

In its brief to this court, Medico represents that it will produce all documents responsive to requests number 37 and 39. This moots Ms. Beyer's request for an order compelling responses to these two requests.

Although probably an inadvertent omission, Medico does not address at all the requests made in Ms. Beyer's requests number 36 and 38. In order that the record is clear and Medico's obligations are clear, the court will grant Ms. Beyer's request for an order compelling Medico to respond to request numbers 36 and 38.

## CONCLUSION

The court hereby

ORDERS that Medico provide complete responses to Ms. Beyer's requests for production numbers 1-3, 6-7, 15-16, 19, 21, 24, 35-36, and 38 no later

than April 6, 2009.  Medico's responses to request numbers 2-3, 15-16, 19 and 35 are subject to the accompanying protective order issued this day, which is incorporated herein by reference.  It is further

ORDERED that Ms. Beyer's motion to compel Medico to respond to requests for production numbers 22, 25-27, and 37-39 is denied as moot based upon Medico's representation to the court that it will voluntarily comply with those requests.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See Fed. R. Civ. P. 72(a).  Failure to file timely objections will result in the waiver of the right to appeal mattersnot raised in the objections.  Id.  Objections must be timely and specific in order to require review by the district court.

Dated March 17, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE