UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BETHYL (BETTY) BEYER, | ) | CIV. 08-5058 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | PLAINTIFF'S SECOND MOTION |
| MEDICO INSURANCE GROUP, | ) | TO COMPEL |
| MEDICO INSURANCE COMPANY, | ) | |
| ABILITY INSURANCE COMPANY | ) | |
| f/k/a MEDICO LIFE INSURANCE | ) | |
| COMPANY, ABILITY RESOURCES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Bethyl Beyer seeks a second order compelling discovery to her Second Requests for Production of Documents to Defendants. [Docket No. 51]. This court previously granted in part and denied in part Ms. Beyer's First Motion to Compel. [Docket Nos. 16, 32]. Ms. Beyer now requests that the court order production of various documents, based on her assertions that Medico has failed to comply with its discovery obligations and this court's previous order.

**FACTS**

The facts, insofar as they are pertinent to the pending motion, are as follows. Ms. Beyer purchased a long term care policy of insurance from Mutual

Protective Insurance Company, which later became Medico Insurance Company (hereinafter "Medico").[1]  In June, 2007, Ms. Beyer experienced medical problems that led her to file a claim with Medico for benefits under her policy.  Specifically, Ms. Beyer sought benefits for her placement at an assisted living facility.  Ms. Beyer's doctor filed a certification supporting Ms. Beyer's claim for benefits, stating that Ms. Beyer suffered from Parkinson's disease and that she needed assisted living care or, in the alternative, nursing home care.  The doctor's certification included a statement that Ms. Beyer's condition would not improve after a period of treatment or rehabilitation such that she could return to independent living.

Medico then hired Nation's CareLink to provide an independent assessment of Ms. Beyer's need for assisted living care.  A registered nurse conducted the evaluation and concurred with the assessment submitted by Ms. Beyer's doctor that Ms. Beyer needed assisted living care.

Medico denied Ms. Beyer's claim twice.  Then, after receiving a video recording of Ms. Beyer's activities of daily living, Medico reversed course and paid Ms. Beyer's claim retroactively to June of 2007.  Medico never explained why it had denied Ms. Beyer's claim in the first instance nor why it changed its

---

[1]There are four named defendants in this case.  The discovery requests at issue in Ms. Beyers' motion were served on all four defendants.  However, the court will simply refer to the defendants collectively as "Medico" in this opinion.  All references to "Medico" should be understood by the parties to refer to all four named defendants.

decision and paid the claim.  However, Medico had denied an earlier claim of Ms. Beyer's filed in August 2006 for home health benefits.  As to this earlier claim, Medico relied on its assertion that Ms. Beyer did not meet the "benefit qualifiers" for her policy that were prerequisites to the receipt of home health benefits.

Ms. Beyer thereafter initiated this civil action against Medico, alleging bad faith denial of her claim.  Medico denies that it acted in bad faith and asserts the affirmative defenses of failure to state a claim upon which relief may be granted and payment.

Ms. Beyer served Medico with 39 discovery requests.  Although some discovery was provided by Medico pursuant to these requests, there were some areas of disagreement between the parties over other areas.  Ms. Beyer filed her first motion to compel on January 23, 2009.  This court granted in part and denied in part Ms. Beyer's motion, subject to a protective order, based on Medico's representations that it would comply with several of Ms. Beyer's requests.  See Docket Nos. 32, 33.  Although Medico has apparently provided some documents in response to its discovery obligations and this court's order, Ms. Beyer asserts that Medico has remained largely noncompliant with discovery and has failed to produce documents in response to this court's order.  Consequently, Ms. Beyer brought the present second motion to compel

production of documents. The court will address each of the disputed discovery requests in turn.

## DISCUSSION

### A. Good Faith Certification

Pursuant to Local Rule 37.1 and Fed. R. Civ. P. 37, Ms. Beyer certifies that she contacted Medico prior to filing the instant motion to compel and attempted in good faith to resolve the parties' discovery disputes. Medico does not dispute this. Thus, the court finds that the good faith requirements of Local Rule 37.1 and Federal Rule 37 have been met.

### B. Request Number Seven–Bonus Programs

Ms. Beyer's request number seven sought "[a]ny and all copies of documents that reference bonus programs for which claims personnel are eligible, from January 1, 2000 to present." Medico objected based on relevance and stated that no such documents were believed to exist. Despite Medico's assertion, signed by Medico's counsel under pain of sanction pursuant to Fed. R. Civ. P. 11, Ms. Beyer sought an order from the court requiring Medico to produce documents responsive to request number seven.

This court made clear that Medico was ordered to produce any and all documentation about any bonus programs responsive to Ms. Beyer's request number seven, now, or at any future time should evidence of such bonus programs become known to Medico or its counsel. Ms. Beyer's motion references a letter written by former Medico employee Tricia Bliujus which

specifically mentions increased compensation, raises and bonuses received from Medico over the course of her employment. Docket No. 52-5. Ms. Beyer also refers the court to a letter specifically referring to Medico's Christmas Bonus program, which had been in place "for many years," and its reported high value to Medico employees. Docket No. 60-2. Despite these letters, Medico continues to claim it has no bonus program and no documents showing a bonus plan, and thus that it cannot comply with this request. Docket No. 55, at 2.

Ms. Beyer's counsel points out that in numerous bad faith cases he has brought, insurance companies have denied the existence of bonus programs, but discovery ultimately shows that such programs indeed existed. Therefore, Ms. Beyer moves this court to issue an order requiring Medico to comply with request number seven so that Medico's obligation to produce documentation of bonus programs is clear.

Medico's response and lack of explanation for Ms. Bliujus' remarks, as well as Medico's assertion that no bonus program or any documents related thereto exist, is wholly unconvincing. Ms. Beyer refers to letters written by Medico employees which lead the court to believe that some form of bonus or incentive program exists. Medico's lack of explanation for those employees' statements, plus its attempt to shift the burden of explaining them to Ms. Bliujus, leads this court to believe that Medico is obstructing discovery with

5

respect to documents showing the existence of a bonus program.  Accordingly, the court grants Ms. Beyer's motion to compel as to request number 7.  To the extent a bonus program exists or existed at Medico, regardless of whether Medico called it a "bonus program," the court's order that Medico produce documents relating to any such bonus program remains in effect.

To the extent Medico continues to claim that no bonus program exists or has existed, and that there are no documents available to respond to this request, Medico is hereby ordered to produce (1) all documents related to any compensation provided to Patricia Bliujus by any of the named defendants from January 1, 2004 to the present; (2) all documents related to any compensation provided to Donald Lawler by any of the named defendants from January 1, 2004 to the present.  The court wishes to make clear that this request is granted to the extent that the documents relate in any way to incentives, bonuses, or other compensation received, in addition to the named employees' regular compensation.  If Medico uses alternative terms for employee incentives, bonuses, or compensation, any documents relating to those terms shall be produced in response to this request.  Medico shall produce the documents by December 11, 2009.

**C.     Documents Relating to Defendants' Similar Conduct**

**1.     Request Number 21–Other Policyholder Claims**

Ms. Beyer's twenty-first request sought "any and all documents relating to other claims made," to include Medico's denial of benefits or termination of

benefits similar to her claim. Medico initially objected to this request, but later agreed to conduct a search of claim files after Ms. Beyer filed her first motion to compel. Medico agreed to undertake the search to determine whether any documents exist that were responsive to Ms. Beyer's request. Medico requested that this court limit Ms. Beyer's request to the five-year period prior to Ms. Beyer making her claim, from June 2002 through June 2007. The court agreed to the limitation suggested by Medico, and granted the motion to compel as to request 21. Docket No. 32, at 9.

In response to this court's order, Medico produced only a single-page list showing the total number of Medico claims made, and the total number of claims denied. See Docket No. 52-7. No "documents relating to" claims made have been produced by Medico. Moreover, Medico now claims that the language of Ms. Beyer's request obligates it to search more than 200,000 individual claim files in order to fully comply with discovery. Rather than explain its failure to comply with this court's order, Medico states that it is "continuing to attempt to comply" with discovery by making these 200,000 claims files available for inspection at Medico's corporate offices in Omaha, Nebraska. Docket No. 55, at 2.

The court believes Medico misrepresents the nature of Ms. Beyer's request number 21 in order to create the illusion that this discovery request is unduly burdensome when, in fact, it is not. Ms. Beyer's request encompasses

only those claims to have been *denied*, and which are *similar to her claim*, out of the 213,779 total number of Medico claims files. Medico has the capability to sort its claims files by using the two specific software denial codes sought by Ms. Beyer: (1) claims denied or terminated for lack of medical necessity, or (2) failure to meet benefit qualifiers. See Docket No. 52-10, Exhibit 51. This court believes Medico's newly-made assertion that it must search more than 200,000 files to "determine if any of those files complie[s] with" request 21 is disingenuous. Similarly, the court believes Medico's offer to make available 200,000-plus files for inspection in Omaha, Nebraska, is not a legitimate attempt to comply with this court's order or Medico's agreement to produce the requested documents.

The court grants Ms. Beyer's motion to compel and orders Medico to produce all documents related to other claims made, where the claims were denied or terminated for lack of medical necessity, or failure to meet benefit qualifiers. Production of a list of the number of claims made and number of claims denied will not be deemed to be compliance with this order. Medico shall produce the documents responsive to request 21 by December 11, 2009.

### 2. Request Number 22–Defendants' Method of Conducting Electronic Searches

Ms. Beyer's twenty-second request was contingent on any claim by Medico that it was unable to search and identify information set forth in the previous request (number 21). Specifically, Ms. Beyer asked for the "methods

of electronic search of claims file data or log notes available to your employees, including the type of software in use." This court initially denied Ms. Beyer's request because Medico did not claim an inability to conduct electronic searches. Docket No. 32, at 10. Medico then issued a discovery response stating that it could not undertake the electronic search, and that it objected to the request as unduly burdensome, since Medico would have to search for the information manually. Docket 52-19, Exhibit 58.

Ms. Beyer states that Medico has not complied, and has not produced any documents responsive to this request. Instead, Medico provided a list of the names of South Dakota-specific claimants. Medico now frames Ms. Beyer's request as one calling for identification of "all of its computer software." Docket No. 55. However, Ms. Beyer maintains that her request pertains only to those documents which "identify computer software and search methods used for claims file data," and not to identification of all of Medico's computer software. Docket No. 60.

### a. Unduly Burdensome

Ms. Beyer argues that request 22 is not unduly burdensome because Medico has the capability to narrow the search for documents pursuant to request 21 using its own software denial codes, making request number 22 a moot issue. Medico responds that request 22 is unduly burdensome because, despite its earlier agreement to produce the documents pursuant to an electronic search, Medico claims that documents scanned into its computer

system are not searchable by text. According to Medico, this necessitates a full conversion of all images on the computer system to a format which allows text searching. Document 52-19.

Several courts have determined that where the discovery requests are relevant, the fact that answering them will be burdensome and expensive is not in itself a reason for a court's refusing to order discovery which is otherwise appropriate. See In re Folding Carton Antitrust Litigation, 83 F.R.D. 260, 265 (N.D. Ill. 1979) (stating that "[b]ecause the interrogatories themselves are relevant, the fact that answers to them will be burdensome and expensive 'is not in itself a reason for refusing to order discovery which is otherwise appropriate' "); Alexander v. Parsons, 75 F.R.D. 536, 539 (W.D. Mich. 1977) (stating that "the mere fact discovery is burdensome . . . is not a sufficient objection to such discovery, providing the information sought is relevant or may lead to the discovery of admissible evidence"); and Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996) (determining that the fact that answering interrogatories will require the objecting party to expend considerable time, effort, and expense consulting, reviewing, and analyzing huge volumes of documents and information is an insufficient basis for an objection). Moreover, if discovery requests are relevant, the fact that they involve work, which may be time consuming, is not sufficient to render them objectionable. See United States v. Nysco Labs., Inc., 26 F.R.D. 159, 161-62

(E.D.N.Y. 1960)and Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 245 (N.D. W. Va. 1970) (stating that "[i]nterrogatories, otherwise relevant, are not objectionable and oppressive simply on grounds [that] they may cause the answering party work, research and expense").

As such, the fact that Medico will have to scan images to make them text-searchable or search manually for documents relating to the documents requested in request 21 is not a sufficient reason to find that request 21 is unduly burdensome. Moreover, Medico does not cite and the court is not aware of any binding authority that concludes that a manual review of numerous files makes producing such documents an undue burden. The total number of all denied claims is 5,040, not in excess of 200,000. The court presumes that the number of denied claims which are similar to Ms. Brown Bear's claim is much smaller than 5,000. Thus, under the facts of this case, the fact that producing requested documents requires work and expense does not mean that such a request is unduly burdensome.

Should Medico continue to claim the inability to search electronically as a basis for refusing to answer request 21, the court orders Medico to produce "all documents that describe the methods of electronic search of claims file data or log notes available to Medico's employees, and to identify all types of software used by Medico from June 2002 to the present." Medico shall produce the information by December 11, 2009.

### 3. Request Number 24–Deposition and Trial Transcripts

Request number 24 seeks "[a]ny and all deposition transcripts or trial testimony transcripts of any of Defendants' officers or personnel, since January 1, 2000, in any suit relating to handling of claims under a policy of long term care insurance," to include class action lawsuits. The court granted Ms. Beyer's request for an order compelling production as to this request, subject to an appropriate privilege log [Docket No. 32, at 10-12], but Ms. Beyer asserts that since the date of this court's order nearly eight months ago, Medico has produced only a single deposition transcript in response. Medico has provided no other documents which is has in its immediate possession, and has produced no documents from outside counsel. Docket No. 60, at 7. Medico responds that it is "in the process of contacting outside counsel" and that it will provide such documents or an explanation of why the documents do not exist. Docket No. 55, at 2. Medico provides no explanation for its failure to comply with the court's order, or for its inability to produce more than a single trial transcript in the nearly eight months since this court's ruling on this discovery request. The court orders Medico to produce the same by December 11, 2009.

### 4. Request Number 25–Documents Relating to Prior Litigation

Ms. Beyer's twenty-fifth request calls for "[a]ny documents relating to litigation against Defendants involving handling of claims under policies of long term care insurance, from January 1, 2000, to present." Medico initially stated it had no documents responsive to this request. Medico then proposed that it

would produce documents pursuant to request 25 along with an appropriate privilege log. This court ordered Medico to contact outside counsel and produce responsive documents in their possession. Docket No.32. The court gave leave to Ms. Beyer to file an additional motion to compel, in the event she disputed the privilege log to be provided by Medico. Id.

Now, Ms. Beyer asserts that Medico has not produced the documents responsive to her request or a privilege log. Instead, it has apparently produced only a self-prepared summary of the prior litigation brought against it. Again, Medico's only explanation for noncompliance is that it is "in the process" of determining whether responsive documents exist. The court does not consider production of a self-prepared summary of litigation to constitute compliance with the court's order with respect to request 25..

Medico is again ordered to produce all documents pursuant to request number 24. Production is to include litigation documents, including but not limited to complaints, motions, court orders, and the like. Medico shall produce the documents, along with an appropriate privilege log, by December 11, 2009.

### 5. Request Number 26–Regulatory Complaints

In request number 26, Ms. Beyer seeks "[a]ny and all documents relating to complaints made to state insurance regulators involving Defendants' handling of long term care insurance coverage since January 1, 2000." Medico represented that it would produce these documents, so this court denied Ms.

Beyer's motion for an order to compel production, but gave leave to Ms. Beyer to file another motion to compel in the event Medico did not comply. To date, Medico admits it has provided only a list of names of South Dakota claimants rather than those documents specifically requested in request 26. Docket No. 55, at 3. Medico provides no explanation for its failure to comply with the request and with this court's order.

The court anticipates an objection that documents relating to complaints involving complaints made to state insurance regulators are not relevant. However, the court believes such an objection is without merit as to request 26. For purposes of discovery, relevancy has been defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case, and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. See Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 124 (M.D.N.C. 1989)(stating "discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action") and Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 122 F.R.D. 447, 449 (S.D.N.Y 1988) (stating that if there is any

possibility that the information requested may be relevant to the subject matter of the lawsuit, it is proper discovery).

In this case, Ms. Beyer asserts that Medico breached the insurance contract by denying her disability claim and acted in bad faith when denying that claim. The requested documents, all of which are narrowed in scope to include documents relating only to complaints made to state regulators regarding Medico's handling of claims under policies of long term care insurance, dating from January 1, 2000, to the present, are relevant because they may provide evidence of Medico's bad faith in denying claims, one of the very issues raised by Ms. Beyer in her complaint. The documents in Medico's possession relating to complaints made to state insurance regulators undoubtedly "bear on" litigation over a claim of bad faith denial of benefits. See Oppenheimer, 437 U.S. at 351. The court finds that the requested documents are relevant, in that the documents may reveal evidence that Medico used or uses false bases to deny claims, and that evidence should not be limited to South Dakota claims only.

Medico is again ordered to produce all documents pursuant to request number 26. Discovery is to include all documents relating in any way to complaints made to state insurance regulators in any state, by complainants in any state, so long as the documents relate to Medico's handling of long term care insurance coverage. The temporal scope of this request shall be limited to

January 1, 2000 to the present day. Medico shall produce the documents by December 11, 2009.

### 6. Request Number 27–Denial Letters and Related Documents

Ms. Beyer's twenty-seventh request sought "[a]ny documents related to other residents of South Dakota who have been sent letters denying coverage or terminating coverage, for long term care insurance since January 1, 2002," to include "policyholders whose claims were denied but later accepted, or whose claims were accepted but later terminated, or whose claims were denied and that action never changed."

Medico represented that it would produce the requested documents, and this court found that the request was moot. The court gave leave for Ms. Beyer to file an additional motion to compel in the event Medico did not produce the documents. See Docket No. 32. Ms. Beyer now states that Medico has not produced the documents, but instead has provided her with a "Complaint Register List by Resident State South Dakota." See Docket 52-20, Exhibit 60. Without providing an explanation for its failure to comply, Medico again states only that it is "in the process of accumulating documents responsive to this request." Docket No. 55. Medico misstates the nature of request 27 by terming it a request for "letters." So that Medico does not misunderstand its obligations a second time, the court points out that its previous order granted the motion to compel as to *all documents relating to* those claims which were terminated or denied, not as to letters only.

16

The court finds that the list produced by Medico does not constitute compliance with Medico's representations that it would produce documents responsive to request 27. The request is limited to South Dakota residents who have been sent letters denying or terminating coverage for long term care insurance since January 1, 2002. Accordingly, the court orders Medico to produce documents in response to Ms. Beyer's request 27. The documents are to be produced by December 11, 2009.

### 7. Request Number 36–Agreements Between Defendants

Ms. Beyer sought "[a]ny and all agreements or contracts between the Defendants." Medico objected, and this court granted Ms. Beyer's motion to compel. Medico produced two supplemental responses, but Ms. Beyer now sets forth specific responsive documents which have not been produced. The documents as-yet unproduced include: Exhibit A, "Flow of Funds Memorandum," referred to in MEDICO 4145; Exhibit B, which is referred to in Exhibit A ("Services") and attached to Long-Term Care Services Agreement MEDICO 4165; Exhibit B, referred to in Reinsurance Agreement (LTC) MEDICO-4179; Exhibit B, referred to in Transition Services Agreement MEDICO 4240; and Exhibit A referred to in Transition Services Agreement MEDICO 4225 (to include the appropriate bates stamp numbers for each schedule to the Stock Purchase Agreement).

Medico claims that the requested documents "were inadvertently omitted" and will be produced. The court orders Medico to produce the documents and provide them to Ms. Beyer's counsel by December 11, 2009.

**CONCLUSION**

Based on the foregoing, it is hereby

ORDERED that plaintiff's second motion to compel (Docket 51) is granted in full.

IT IS FURTHER ORDERED that defendants shall respond to plaintiff's Second Requests for Production of Documents no later than December 11, 2009.

IT IS FURTHER ORDERED that in the event defendants fail to timely comply with the discovery ordered, plaintiffs' Second Set of Requests for Admissions shall be deemed admitted, and any defenses to liability shall be stricken.

IT IS FURTHER ORDERED that in the event defendants fail to timely comply with the discovery ordered, this court shall impose a fine in the amount of $5,000 (five thousand dollars) for each day beyond December 11, 2009 that the discovery is withheld.

IT IS FURTHER ORDERED that plaintiff shall be entitled to reasonable attorney's fees and costs for bringing this motion to compel. Plaintiff shall file an affidavit with proof of service setting forth the time reasonably spent on this motion, the hourly rate requested for attorney's fees

and costs, and any factual matters pertinent to the motion for attorney's fees within 30 days of this order.  Defendants shall file any and all objections to the allowance of fees within 20 calendar days after receipt of service of Plaintiff's motion and affidavit.  Defendants may, by counter affidavit, controvert any of the factual matters contained in Plaintiff's motion and may assert any factual matters bearing on the award of attorney's fees.  S.D. Loc. R. 54.1(C).  Plaintiff shall have fourteen days thereafter to file a reply.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  See Fed. R. Civ. P. 72(a).  The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Id.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require review by the district court.

Dated November 13, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE