UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| BETHYL (BETTY) BEYER, | ) | CIV. 08-5058 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | PLAINTIFF'S ATTORNEY'S |
| MEDICO INSURANCE GROUP, | ) | FEES |
| MEDICO INSURANCE COMPANY, | ) | |
| ABILITY INSURANCE COMPANY | ) | |
| f/k/a MEDICO LIFE INSURANCE | ) | |
| COMPANY, ABILITY RESOURCES, | ) | |
| INC., | ) | |
| Defendants. | ) | |

In the wake of a successful motion to compel, this court directed plaintiff Bethyl Beyer to submit itemized information in support of her request for attorney's fees and costs. See Docket No. 61. The court's order gave defendants 20 days to make any response in opposition it wanted to the plaintiff's documentation of its request for attorney's fees. Id. Although the plaintiff filed the required documentation on November 18, 2009, seeking $13,480 for 53.92[1] hours of attorney work at $250.00 per hour, see Docket

---

[1] At numerous places in her pleadings, plaintiff refers to 53.92 hours in attorney time, but in one location she states that the combined total of attorney's hours expended was 63.92. See Docket No. 62, ¶ 13. The court assumes this errant figure is a typographical error as the itemization of the hours, the most detailed description of the time spent, totals 53.92 hours. See id. at Exhibit 1.

Nos. 62 and 63, to date, defendants have never filed any response in opposition. The time for filing such opposition has long since passed. Despite defendants' failure to respond, the court must still evaluate plaintiff's request for attorney's fees to determine whether it is reasonable.

In determining a reasonable award of attorney's fees under Fed. R. Civ. P. 37, the court begins by figuring the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates. Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D.Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorneys' fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

The reasonable hourly rate is usually the ordinary rate for similar work in the community where the case is being litigated. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68 (citing Laffy v. Northwest Airlines, Inc., 746 F.2d 4, 16 (D.C. Cir. 1984) (hourly rate must be sufficient to attract competent counsel, but not so excessive as to produce a windfall, and generally must be in line

with rates charged by other attorneys of comparable skill, reputation, and ability within the community.).  Plaintiff has submitted information indicating that the same attorneys who now represent plaintiff were awarded fees at a rate of $250.00 per hour in other litigation in this district.[2]

The court can also determine what reasonable local rates are based on its own knowledge of prevailing rates here.  See Creative Resources Group, Inc., 212 F.R.D. at 103-104 (holding that "it is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates").  Experienced, partner-level trial counsel in this community have received awards of attorneys fees ranging from $200.00 per hour to $225.00 per hour in lawsuits requiring highly specialized knowledge.  See Cottier v. City of Martin, Civ. No. 02-5021, Docket No. 469, page 6 (March 25, 2008); Bone Shirt v. Hazeltine, Civ. No. 01-3032, Docket No. 411, page 4 (June 22, 2006).

The court concludes on the basis of its own knowledge of prevailing rates in the District of South Dakota and also based on recent awards of attorneys fees that $250.00 per hour should be the prevailing reasonable hourly rate for plaintiff's counsels' time.  Both attorneys who have submitted requests for their time are highly experienced and have specialized knowledge in the niche practice of bad faith insurance litigation.

---

[2]The other case was McElgunn v. CUNA Mutual Ins. Society, Civ. No. 06-5061, at Docket No. 249.

The itemized billing statement submitted by plaintiff's counsel appears not to have any duplication of work and no work that is unrelated to the motion to compel for which sanctions are being awarded.  In addition, the court notes that this motion to compel filed by plaintiff was occasioned by defendants' refusal to comply with a prior order of the court on a prior motion to compel filed by plaintiff.  On the occasion of this earlier motion, defendants represented at the time that they would voluntarily comply with plaintiff's requests in part.  Finally, the court notes that its order granting plaintiff's second motion to compel entitled plaintiff to recover any out-of-pocket costs associated with that motion and South Dakota sales tax on the attorney's fees.  See Docket No. 61.  Although the court assumes there were some such costs and taxes, plaintiff is not requesting any in its petition for fees.  See Docket Nos. 62 and 63.  Accordingly, the court concludes that the total requested by plaintiff as sanctions on the discovery motion is reasonable.

**CONCLUSION**

Good cause appearing, it is hereby

ORDERED that defendants shall pay to plaintiff $13,480.00 as reasonable attorneys fees incurred by defendants' failure to respond to plaintiff's discovery requests.  Payment shall be made within 30 days of the date of this order.

4

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. Id. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated January 12, 2010.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE